IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita Leeson Weinshienk

Civil Action No. 10-cv-01799-ZLW-MJW

TW TELECOM HOLDINGS INC.,

    Plaintiff,

v.

CAROLINA INTERNET LTD,

    Defendant.

---

## ORDER TO SHOW CAUSE

---

This matter is before the Court *sua sponte*. On October 8, 2010, Plaintiff filed Plaintiff TW Telecom Holdings Inc.'s Application For Entry Of Default (Doc. No. 11). The Clerk of Court subsequently entered Defendant's default pursuant to Fed. R. Civ. P. 55(a) on October 13, 2010 (Doc. No. 12). Thereafter, on October 19, 2010, Plaintiff filed Plaintiff TW Telecom Holdings Inc.'s Motion For Default Judgment Pursuant To FRCP 55(b)(2) (Motion For Default Judgment) (Doc. No. 14). On October 25, before the Court had ruled on Plaintiff's Motion For Default Judgment, attorney Christopher P. Beall entered his appearance on behalf of Defendant (Doc. No. 15).

Due to an administrative error, the Court was not aware of Mr. Beall's entry of appearance before it issued an Order on October 27, 2010, granting Plaintiff's Motion For Default Judgment (Doc. No. 17). After becoming aware that the entry of appearance had been filed, the Court vacated the Order granting Plaintiff's Motion For Default Judgment, and further ordered that "Defendant shall file a responsive pleading

or motion on or before November 1, 2010, or be subject to default." (Doc. No. 18).[1]

However, because Defendant had not shown good cause to set aside the entry of default as required by Fed. R. Civ. P. 55(c), and because the entry of default thus had not been, and still has not been, set aside, to the extent that the Court's Order requiring that Defendant file a "responsive pleading or motion" would be understood as allowing Defendant to file an Answer, that portion of the Order was entered improvidently. An Answer cannot properly be filed in this case unless the entry of default has been set aside, and the entry of default cannot be set aside until Defendant shows good cause to do so pursuant to Fed. R. Civ. P. 55(c).[2]  Accordingly, it is

ORDERED that Defendant's Answer will be stricken unless Defendant shows good cause in writing on or before November 24, 2010, why the Clerk's entry of default should be set aside pursuant to Fed. R. Civ. P. 55(c). Plaintiff may respond to any filing by Defendant within 10 days thereafter. It is

FURTHER ORDERED that Plaintiff TW Telecom Holdings Inc.'s Motion To Strike Defendant's Answer Pursuant To FRCP 12(f) And 55(c), Request To Dismiss

---

[1] Default judgment was not entered.

[2] See DirecTV, Inc. v. Young, 2006 WL 2277615 at *3 (5th Cir. Aug. 8. 2006) (after the clerk entered default and the plaintiff moved for entry of default judgment, the default "could not be cured simply by the filing of an untimely answer.").

Defendant's FRCP 12(b)(1) Defense, And Request To Grant Plaintiff's Motion For Default Judgment (Doc. No. 20) hereby is held in abeyance.

DATED at Denver, Colorado, this 10th day of November, 2010.

                BY THE COURT:

                */s/ Zita Leeson Weinshienk*
                ZITA LEESON WEINSHIENK, Senior Judge
                United States District Court