IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita Leeson Weinshienk

Civil Action No. 10-cv-01799-ZLW-MJW

TW TELECOM HOLDINGS INC.,

    Plaintiff,
v.

CAROLINA INTERNET LTD.,

    Defendant.

---

ORDER

---

The matter before the Court is Plaintiff TW Telecom Holdings, Inc.'s Motion For Default Pursuant To FRCP 55(b)(2) (Doc. No. 14).  Plaintiff requests entry of default judgment by the Court pursuant to Fed. R. Civ. P. 55(b)(2).  The Court finds that Plaintiff served a copy of the Summons and Complaint on Defendant Carolina Internet, Ltd. on August 13, 2010.  Defendant did not timely file a responsive pleading, and on October 8, 2010, Plaintiff moved for entry of default against Defendant.  On October 13, 2010, the Court Clerk entered default against Defendant.

Defendant's counsel subsequently entered an appearance in the action on October 25, 2010, and Defendant filed an Answer on November 1, 2010.  On November 10, 2010, the Court issued an Order To Show Cause ordering that Defendant's Answer would be stricken unless Defendant showed good cause in writing on or before December 4, 2010, why the Clerk's entry of default should be set aside pursuant to Fed. R. Civ. P. 55(c). Defendant filed a response to the order to show cause on November

24, 2010, and Plaintiff filed a reply on November 29, 2010.  Thereafter, the Court issued an Order on December 15, 2010, ordering that the Clerk's entry of default would not be set aside and striking Defendant's Answer.[1]  The Court further ordered that Defendant file a brief in response to Plaintiff's motion for default judgment addressing the calculation of damages only, and allowed Plaintiff to file a reply.  Defendant filed its response on December 27, 2010, and Plaintiff filed its reply on January 4, 2011.

Plaintiff has submitted evidence of compensatory damages in the amount of $331,533.93 under the parties' January 9, 2009 Service Agreement (Service Agreement)[2] and the March 31, 2009 First Amendment to the Service Agreement (First Amendment)[3] based on unpaid invoices for April, May, and June 2010, and additional damages of $2,850,000 under the acceleration clause set forth in section 14 of the Service Agreement.  Defendant argues that no damages are recoverable under the acceleration clause because the First Amendment does not contain an acceleration clause, and the First Amendment constituted a novation, superseding and extinguishing all unmodified provisions of the Service Agreement.  Defendant contends that Plaintiff's damages thus are limited to $331,533.93, plus prejudgment interest at the contractual rate of 1.5% per month.  However, "[a]fter an entry of default, a defendant cannot

---

[1]The Court has denied Defendant's Motion For Reconsideration Of Order Striking Answer (Doc. No. 25).

[2]Doc. No. 14-3.

[3]Doc. No. 14-4.

defend a claim on the merits."[4]  By defaulting, Defendant has admitted the allegations in Plaintiff's Complaint,[5] including that "[i]n 2009, Defendant emailed Plaintiff in Colorado and stated that Defendant believed that all terms of the 2009 Service Agreement were in place and all the terms of that agreement still applied to the First Amendment," and that "[t]he First Amendment modified only the payment schedule of the 2009 Service Agreement.  All the other terms of the 2009 Agreement were still in place and all the terms of that agreement still applied to the First Amendment."[6]  Consideration of Defendant's novation argument would require that the Court interpret the terms of the underlying contracts and determine the parties' intents as to their meaning.[7]  Such a merits argument is foreclosed by Defendant's default, by which Defendant admitted Plaintiff's pleaded allegations.[8]

Defendant also argues that, under North Carolina law,[9] the party seeking to enforce an acceleration clause must submit evidence that the liquidated amount set in the contract is a reasonable estimate of the amount of damages that it would suffer from a breach of contract.  The case that Defendant cites for this proposition, C.A. Knutton v.

---

[4]Olcott v. Delaware Flood Co., 327 F.3d 1115, 1125 n. 11 (10th Cir. 2003).

[5]Id.

[6]Doc. No. 1 ¶¶ 18, 28.

[7]See Kirby Building Systems v. McNeil. 393 S.E.2d 827, 832 (1990) (novation requires the parties' agreement that the new contract replace the prior contract, and the parties' intent to effectuate a novation must be clear and definite).

[8]See Olcott, 327 F.3d at 1125.

[9]See Doc. No. 14-3 § 18.

Cofield,[10] did not, however, address which party has the burden of proving the enforceability, or unenforceability, of a stipulated damages clause. That issue was addressed in the subsequent case of Seven Seventeen HB Charlotte Corp. v. Shrine Bowl of the Carolinas, Inc.,[11] in which the court held that the party seeking to invalidate such a clause has the burden of proving that the clause is unenforceable.[12] Here, Defendant has submitted no evidence that the acceleration clause imposed damages that were not a reasonable estimate of the damages Plaintiff would suffer in the event of a breach. Further, Defendant's argument that an award of damages under the acceleration clause would constitute a "double recovery" lacks merit. Damages corresponding to the unpaid invoices are damages which Plaintiff already has incurred, while damages under the acceleration clause are damages which will be incurred by Plaintiff going forward. There is no double recovery.

The Service Agreement and First Amendment provide that amounts which are unpaid thereunder are subject to a late charge on the unpaid amount at the rate of 1.5% per month.[13] The Court agrees with Defendant that this provision applies only to damages for the April, May, and June 2010 unpaid invoices, and not to damages under the acceleration clause, since, as articulated by Plaintiff, the damages pertaining to the

---

[10] 160 S.E. 2d 29 (N.C. 1968).

[11] 641 S.E.2d 711 (N.C. App. 2007).

[12] See id. at 131-132.

[13] Doc. No. 14-3 at 3 § 6(d); Doc. No. 14-4 at 2 § 3.e.

three unpaid invoices are "damages already incurred," while the "damages flowing from the [acceleration clause] are for tw telecom's damages going *forward*."[14] The applicable interest is calculated as follows:[15]

| Invoice due date | May 3, 2010 | June 2, 2010 | July 2, 2010 |
|---|---|---|---|
| **Principal** | $111,393.37 | $110,427.83 | $109,712.73 |
| **Number of months** | 8.741935484 | 7.772043011 | 6.774193548 |
| | | | |
| **1.5% interest per month compounded monthly though January 26, 2010** | $15, 484.26 | $13,546.82 | $11,642.71 |

Thus, the total prejudgment interest due is $40,673.79.

Based on the foregoing, and on the reasons set forth in the Court's Order of December 15, 2010, the Court will render judgment by default in favor of Plaintiff and against Defendant. After reviewing the evidence, the Court finds in favor of Plaintiff and against Defendant, and awards damages to Plaintiff under the Service Agreement and First Amendment in the amount of $331,533.93 for the unpaid April, May, and June 2010 invoices, plus 1.5% interest per month thereupon up to and including January 26, 2011, plus $2,850,000 under the acceleration clause set forth in section 14 of the Service Agreement, for a total amount of $3,222,207.72. Accordingly, it is

---

[14] Doc. No. 29 at 10.

[15] Defendant has not objected to Plaintiff's proposed calculation of compound, as opposed to simple, interest.

ORDERED that Plaintiff TW Telecom Holdings, Inc.'s Motion For Default Pursuant To FRCP 55(b)(2) (Doc. No. 14) is granted.  It is

FURTHER ORDERED that Plaintiff is awarded damages under the parties' January 9, 2009 Service Agreement and March 31, 2009 First Amendment to the Service Agreement in the amount of $331,533.93 for the unpaid April, May, and June 2010 invoices.  It is

FURTHER ORDERED that Plaintiff also is awarded $2,850,000 under the acceleration clause set forth in section 14 of the January 9, 2009 Service Agreement.  It is

FURTHER ORDERED that Plaintiff also is awarded prejudgment interest in the amount of $40,673.79 under the parties' January 9, 2009 Service Agreement and March 31, 2009 First Amendment to the Service Agreement.  It is

FURTHER ORDERED that total amount of damages plus prejudgment interest awarded to Plaintiff therefore is $3,222,207.72.  It is

FURTHER ORDERED that Plaintiff also is awarded post-judgment interest at the applicable statutory rate in effect on the date that Judgment is entered.  It is

FURTHER ORDERED that a separate Judgment shall issue pursuant to Fed. R. Civ. P. 58.  It is

FURTHER ORDERED that Plaintiff shall be awarded its costs upon the filing of a bill of costs within ten days after entry of Judgment.

DATED at Denver, Colorado, this 26th day of January, 2011.

BY THE COURT:

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court